IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUNRAY OF NEW MEXICO, LLC,

        Plaintiff,

vs.                                               Civ. No. 09-374 JCH/ACT

NEW MEXICO HORSEMEN'S ASSOCIATION,
INC.,
        Defendant.

**ORDER**

        This matter is before the Court on Plaintiff SunRay of New Mexico LLC's ("SunRay") *Motion for Issuance of Temporary Restraining Order*, filed April 17, 2009 [Doc. 2]. In its Complaint [Doc. 1], Plaintiff set forth the basis for its request. Defendant New Mexico Horsemen's Association ("Horsemen") filed a Memorandum in Opposition to Plaintiff's Motion [Doc. 5] on April 20, 2009. The Court held a hearing on Plaintiff's motion on April 20, 2009, at which both parties were represented by counsel. Having considered the Complaint, motion, brief, arguments at the hearing, and the applicable law, and being otherwise fully informed, the Court finds that Plaintiff's motion is not well taken and will be denied.

        This dispute arises under the provisions of the Interstate Horseracing Act, 15 U.S.C. § 3001, et seq. ("the Act"), which regulates interstate wagering on horse races. Under section 3004(a)(1) of the Act, in order for an entity in Plaintiff's position to lawfully send the simulcast signal of its horse races to off-track wagering sites, the entity must first obtain the consent of the relevant horsemen's association (in this case, Defendant). To date, Defendant has refused to give the required consent for this racing season, and Plaintiff has, therefore, been unable to send the

simulcast signal of its races.  Plaintiff argues that Defendant's refusal to give consent is without justification or excuse and with intent to injure Plaintiff.  Plaintiff seeks a temporary restraining order ("TRO") to force Defendant to give consent to Plaintiff to export the simulcast signal.

It is well established that the requirements for issuance of a temporary restraining order are similar to those governing issuance of a preliminary injunction.  *See, e.g., Bank of New York v. Mehner*, 375 F. Supp. 2d 1316, 1319 (D. N.M. 2005).  Injunctive relief is an "extraordinary remedy" and the movant must demonstrate a "clear and unequivocal" right to the relief sought in order to have the request granted.  *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).  In order to obtain injunctive relief, the movant must demonstrate four factors: (1) likelihood of success on the merits; (2) likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunctive relief is in the public's interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008); *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003).  A Court "should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action...before a trial on the merits occurs" because the primary goal of injunctive relief is to preserve the pre-trial status quo.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, a party seeking injunctive relief that requires the nonmoving party to take affirmative action must make a heightened showing of the four factors.  *See id.* at 1209.  Currently, Plaintiff does not have Defendant's consent to send its simulcast signal to simulcast sites, and Plaintiff requests the Court to order Defendant to execute a form giving such consent.  *See* Motion for TRO [Doc. 2].  Thus, Plaintiff must make a heightened showing of the four factors.

Plaintiff falls far short of meeting its burden.  Regarding likelihood of success on the merits, Plaintiff has failed to point to any guidelines in the Act that would force Defendant to consent to export of the simulcast signal, or that would prevent Defendant from using its right to refuse to consent as a bargaining chip.  Further, Plaintiff's allegations of irreparable harm in the absence of relief are vague and conclusory.  Plaintiff alleges that its reputation and standing in the racing community have been harmed by its failure to broadcast its simulcast signal, but it offers no proof of this damage, let alone proof that such harm is irreparable.  Finally, Plaintiff has failed to demonstrate that the balance of equities is in its favor or that the public interest would be served by forcing Defendant to surrender its statutorily granted bargaining power with which it could address its concerns regarding equine safety and racetrack operation.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Issuance of Temporary Restraining Order*, filed April 17, 2009 [Doc. 2], is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**